(36 Misc. Rep. 492.)

### BACKES v. CURRAN et al.

(Supreme Court, Special Term, New York County. December, 1901.)

1. INJUNCTION—CONSTRUCTION OF BUILDING.
    One who has taken a lease of a building, to be constructed according to certain plans, cannot obtain a temporary injunction forbidding its intended construction according to different plans, as the court will not conduct building operations by its mandates, and because a contract to build or repair will not be specifically enforced.

2. SAME.
    An injunction will not be granted where it will work more hardship to the defendant than the wrong it is intended to remedy.

Action by Thomas J. Backes against James P. Curran and others. Motion for injunction pendente lite. Motion denied.

Leslie & Minor, for plaintiff.
Albert I. Sire, for defendants.

CLARKE, J. Motion for an injunction pendente lite. Plaintiff took a 20-year lease of certain property on Forty-Fifth street and Broadway. He assigned said lease to one Heuer. As a part consideration therefor he took a lease from said Heuer of a corner store, to be built according to certain architect's specifications, for 10 years, at $2,500 annual rent, the lease providing that he should have possession not later than October 1, 1901, but that his rent should not commence to run until the completion of the store and plaintiff's occupancy thereof. The plans alluded to showed a store six inches above the level of the street, about fourteen feet high, and with a cellar underneath. It was in the neighborhood of plaintiff's present drug store, and he intended to use it for the same purpose. Heuer assigned the lease to the property to one Curran. Curran is proceeding to build a theater on said site. Under the building laws, the entrance to the theater cannot be more than four feet above the sidewalk. Under the plans filed, the store on the corner is sunk some four feet below the sidewalk, and in height slopes from some eleven feet in front to seven feet in the rear; and so is not being, or intended to be, constructed in accordance with the plans of the architect set forth in the lease of the projected store from Heuer to plaintiff. Plaintiff prays an injunction pendente lite preventing the construction of a store in any other fashion than that shown in said plans. Defendants allege such a store cannot and will not be built, because it is impossible under the law governing the use to which they intend to put the plot. I do not see how the injunction can be granted. The plaintiff is not a tenant in possession of a portion of a building in præsenti, where the owner is purposing to pull down or make over in derogation of his rights. He, in effect, is asking for a specific performance in the construction of a future building. His injunction prayed for is to prevent a building from being constructed in any other way than prescribed. So, if the building is to be built, it is asking that the court decree its building in a certain way. I find no authority to sustain his contention. The court will not conduct building operations by its mandates. As a general rule a contract to build or repair will not be specifically enforced by a court of equity. Oregonian R. Co. v. Oregon R. & Nav. Co. (C. C.) 37 Fed. 733, and cases cited. See also thorough discussion in St. Regis Paper Co. v. Santa Clara Lumber Co., 55 App. Div. 225, 67 N. Y. Supp. 149. Further, if the plaintiff has rights under his future lease, it seems to me that he has an adequate remedy at law. His contract is for the future letting at a certain rent of a specified store. I see no more difficulty in establishing his damages for a breach than in any other case of an executory contract. And, finally, it seems to me upon these papers that the damages to these defendants which would flow from the injunction if granted would be so much greater than those alleged to plaintiff that the doctrine that "the court should not grant an injunction where it would work a greater wrong than it is intended to remedy" obtains. I have reached this conclusion with somewhat of hesitation. In view of the interests involved I feel that the matters should be passed upon by the appellate division, and while, therefore, the motion is denied, with $10 costs, yet a stay

should be granted, pending an appeal, upon a stipulation to submit the appeal at the earliest possible date.

Ordered accordingly.